UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID HUGHES, #16003688,

                Plaintiff,

    -against-

NASSAU COUNTY SHERIFF'S DEPARTMENT,
ARMOR CORRECTIONAL HEALTH INC.,
MARCELLE MORCOS, Medical Director,

                Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
17-CV-04715(JMA)(SIL)

FILED
CLERK
1/8/2018 4:56 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

On August 4, 2017, incarcerated pro se plaintiff David Hughes filed an in forma pauperis complaint against the Nassau County Sheriff's Department ("NCSD"), Armor Correctional Health Inc. ("Armor"), and Armor's Medical Director, Marcelle Morcos ("Morcos"), pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his Constitutional rights. Plaintiff also filed an application for the appointment of pro bono counsel to represent him in this case.

Because the in forma pauperis application submitted by plaintiff was incomplete, the Court instructed plaintiff, by Notice of Deficiency dated August 11, 2017 ("Notice"), to complete and return the enclosed in forma pauperis application within fourteen (14) days from the date of the Notice. On August 24, 2017, plaintiff timely filed a proper in forma pauperis application. Plaintiff has also filed a number of letters with the Court since August 2017, none of which are relevant to the Court's analysis. For the reasons stated below, the Court grants plaintiff's request to proceed in forma pauperis and sua sponte dismisses his claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). Plaintiff's application for the appointment of pro bono counsel is denied without prejudice.

## I. BACKGROUND[1]

Plaintiff alleges a violation of 42 U.S.C. § 1983, claiming that he received inadequate medical care while incarcerated at the Nassau County Correctional Center ("NCC"). Plaintiff alleges that, upon his arrival at NCC on May 28, 2016, his personal, orthopedic footwear was exchanged for "sneakers," which plaintiff claims "posed an unreasonable serious risk of harm involving detainee's health." (Compl. at 4.) Plaintiff claims to suffer "from knee issues, degenerative back, neuromuscular" problems. (Id.) Plaintiff also claims to have had an "undiagnosed bacterial infection" on his feet that required prescription medication. (Compl. at 5.) According to the complaint, plaintiff did not receive medical treatment despite his "intense disabling foot symptoms and pain involving discharge aside from evident abscess." (Id.) Although plaintiff acknowledges that he was given cortisone injections in both knees "from outside orthopedic doctor (Montero) who came here," plaintiff seeks to recover a compensatory and punitive damages award in the amount of $2 million for his lack of treatment. (Id. at 6-7.)

## II. DISCUSSION

### A. In Forma Pauperis Application

Upon review of plaintiff's declarations in support of his application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order. See Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

**B.     Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and to dismiss the complaint, either in part or in its entirety, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, the Court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.　Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).

### 1. Section 1983 Claims Against the NCSD

Plaintiff names the NCSD as a defendant. However, the NCSD is a non-suable entity because it is merely an administrative arm of the municipality Nassau County. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." See Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued."). Therefore, plaintiff's claims against NCSD are implausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1). However, given plaintiff's pro se status, the Court considers next whether plaintiff has alleged a plausible Section 1983 claim when construed as being made against Nassau County. For the reasons that follow, plaintiff has not stated a plausible claim against Nassau County.

### 2. Section 1983 Claim as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to [an] official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom

caused a deprivation of his rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the pro se complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, plaintiff has not alleged a plausible Section 1983 claim even when construing the complaint as being alleged against Nassau County.

### 3. Section 1983 Claim Against Armor

"Armor is a private company that provides medical services for inmates at the [NCCC] pursuant to a contract with the Nassau County Sheriff's Department . . . ." Whitenack v. Armor Medical, 13-CV-2071, 2014 WL 5502300, at *8 (E.D.N.Y. Oct. 30, 2014) (alteration in original). The Court assumes for purposes of this order that Armor was acting under the color of state law in rendering medical services to plaintiff at the NCCC. See, e.g., Feder v. Sposato, 11-CV-0093, 2014 WL 1801137, at * 6 (E.D.N.Y. May 7, 2014) ("Because Armor was hired to fulfill the state's constitutional obligation to provide necessary medical care for its inmates, Armor . . . [was] 'acting under the color of state law' for purposes of Section 1983"). However, like Nassau County, Armor may be liable under Section 1983 only if "the plaintiff proves that action pursuant to [an] official . . . policy of some nature caused a constitutional tort." Rojas v. Alexander's Dep't Store, Inc., 924 F.2d 406, 408 (2d Cir. 1990) (quoting Monell, 436 U.S. at 691 (internal quotation marks omitted)); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006) (finding that a hospital was not vicariously liable for any constitutional torts that its employees may have committed). "Although Monell dealt with municipal employers, its rationale has been extended to private businesses." Rojas, 924 F.2d at 409; see also Bektic-Marrero v. Goldberg, 850 F. Supp. 2d 418, 432 (S.D.N.Y. 2012) (holding that Monell has been extended to private Section 1983 defendants acting under color of state law).

Here, plaintiff's sparse complaint does not include any factual allegations from which the Court may reasonably infer that the conduct of which plaintiff complains was caused by some

7

policy or custom of Armor. Santos, 847 F. Supp. 2d at 576 ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against Armor, such claim is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 4. Claim Against Morcos

Marcelle Morcos is the medical director at Armor. In order to state a plausible claim against an individual under Section 1983, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010); McCoy v. Goord, 255 F. Supp. 2d 233, 245 (S.D.N.Y. 2003) (A Section 1983 claim for damages against an individual defendant must allege specific facts to show that each defendant was directly or personally involved in the alleged violation of the Constitution or laws – "that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'") (quoting Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d

Cir. 2003). An "individual cannot be held liable for damages under Section 1983 merely because he held a high position of authority." Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004). Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although plaintiff includes Morcos as a defendant in the caption of the complaint, plaintiff alleges no conduct or inaction attributable to Morcos in the body of the complaint. In the absence of any factual allegations regarding Morcos' personal involvement, she cannot be held liable simply because of her position as medical director. Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) ("[P]laintiff's claim for monetary damages against these defendants requires a showing of more than linkage in the prison chain of command; the doctrine of respondeat superior does not apply."). Accordingly, plaintiff has not alleged a plausible claim for relief against Morcos and such claim is thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(ii), 1915A(b)(1).

**D.     Leave to Amend**

A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a pro se plaintiff

who brings a civil rights action, "should be 'fairly freely' afforded an opportunity to amend his complaint."  Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted).  Yet while "pro se plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the court has carefully considered whether plaintiff should be granted leave to amend his complaint.  Plaintiff is afforded an opportunity to amend his complaint in accordance with this Order.  Plaintiff's amended complaint must be labeled as an "amended complaint", bear the same docket number as this Order, 17-CV-4715(JMA)(SIL), and must be filed within thirty (30) days from the date of this Order.  Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint.  Further, if plaintiff does not file an amended complaint within the time allowed, this case shall be closed.

Plaintiff is cautioned that, insofar as he seeks to impose liability on a defendant pursuant to Section 1983 for inadequate medical treatment, plaintiff is advised that he "must allege 'acts or omissions sufficiently harmful to evidence the deliberate indifference standard.'"  Johns v. Goord, 09-CV-1016, 2010 WL 3907826, at *2 (N.D.N.Y. Sept. 30, 2010) (quoting Estelle v. Gamble, 429

U.S. 97, 106 (1976). "To establish an Eighth Amendment[2] violation arising out of inadequate medical treatment a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Estelle, 429 U.S. at 104); see also Kasiem v. Switz, 09-Civ-9361, 2010 WL 3744183, at *1 (S.D.N.Y. Sept. 22, 2010) (examination to address prisoner's alleged medical condition that resulted in no treatment being prescribed did not establish a showing of seriousness of or deliberate indifference to his medical needs).

"[T]he deliberate indifference standard embodies both an objective and subjective prong." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective prong requires the prisoner to allege a "sufficiently serious" injury. Id. The Second Circuit has defined a sufficiently serious injury as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (citation omitted). The subjective prong requires the prisoner to show the charged official acted with a "sufficiently culpable state of mind." Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The United States Supreme Court has stated that the subjective element "entails something more than mere negligence [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Plaintiff appears to challenge as unconstitutional the conditions of his confinement by claiming that he was denied adequate medical care, including use of his personal, orthopedic

---

[2] Although plaintiff does not allege whether he is a pre-trial detainee or a convicted inmate, such distinction is of no consequence given that the standard for deliberate indifference is the same whether brought pursuant to the Eighth or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 71-72 (2d Cir. 2009) (holding that the same standard applies to claims by convicted prisoners under the Eighth Amendment and pretrial detainees' claims under the Fourteenth Amendment).

11

footwear. The Constitution "forbids deliberate indifference to serious medical needs of prisoners." Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 138 (2d Cir. 2013). To establish a claim for deliberate indifference to a serious medical need, a plaintiff must allege facts demonstrating both that, objectively, "the alleged deprivation of adequate medical care must be sufficiently serious" and also that defendants "must be subjectively reckless in their denial of medical care." Id. "The Second Circuit instructs, however, that "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see also Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim."). Indeed, inmates do not have a constitutional right to the treatment of their choice. Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir.1986).

**E.     Application for Pro Bono Counsel**

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court

should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit).

The Court has reviewed plaintiff's application together with the complaint. Given the dismissal of the complaint for the reasons set forth above, the Court finds that the appointment of counsel is not warranted at this stage of the litigation. Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application upon filing an amended complaint in accordance with this order, if circumstances warrant such an application. This denial is also without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

### III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is granted leave to file an amended complaint in accordance with the guidance set forth in this Order within thirty (30) days from the date of this Order. Plaintiff's amended complaint must be labeled as an "amended complaint" and bear the same docket number as this Order, 17-CV-4715(JMA) (SIL).

Plaintiff is advised that an amended complaint completely replaces the original, so plaintiff must include any allegations he wishes to pursue against the defendants in the amended complaint. Further, if plaintiff does not file an amended complaint within the time allowed, this case will be closed.

Plaintiff's application for the appointment of pro bono counsel is denied without prejudice to plaintiff renewing his application upon filing an amended complaint in accordance with this order, if circumstances warrant such an application. This denial is also without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: January 8, 2018　　　　　　　　　　　　　　　　　　　　/s/ (JMA)
　　　　　Central Islip, New York　　　　　　　　　　　　　　Joan M. Azrack
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge